IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH W. KITCHENS                                                         PLAINTIFF

v.                      Civil No. 05-6041

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                             DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Kenneth Kitchens, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

Plaintiff was 52 years of age at the time of the administrative hearing and has an eleventh grade education (T. 27, 106). He has past relevant work as a heavy equipment operator and a farm laborer (T. 29, 86). Plaintiff asserts disability due to: chronic obstructive pulmonary disease (hereinafter "COPD"); degenerative joint disease (hereinafter "DJD"); hypertension (hereinafter "HTN"); borderline cardiomegaly; numbness/weakness of the extremities; arthritis and pain; and, chronic lower back pain.

The Social Security Administration denied plaintiff's applications initially and on reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on September 16, 2004 (T. 26-46). The ALJ rendered an unfavorable decision on November 20, 2004 (T. 11-16). By Order entered April 28, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision

(T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #8 & 9), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted or can be expected to last at least one year or result in death, and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C.F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, *5 F.3d 342, 344 (8th Cir.1993)*. The law on this issue is clear. Under *Polaski v. Heckler*, *739 F.2d 1320, 1321-22 (8th Cir.1984),* "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, *45 F.3d 1190, 1193 (8th Cir.1995); see also Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*. The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in

-3-

evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, *739 F.2d at 1322.*

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, *830 F.2d 878, 882 (8th Cir.1987)*. The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, *862 F.2d 176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the

AO72A
(Rev. 8/82)

inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must

consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

**Discussion:**

The plaintiff contends that the instant matter should be remanded in that the ALJ "erred in discrediting the plaintiff and by determining plaintiff could perform light work which is clearly precluded by his limitations." (Doc. #8, p. 15) We agree.

The plaintiff alleges numerous subjective complaints and nonexertional limitations, including: shortness of breath due to COPD (T. 122, 126, 30, 36, 40, 82, 100, 112, 113, 117,

-6-

121, 129); hypertension (T. 126, 140, 142); numbness/weakness of the extremities (T. 122, 36, 140, 142); back pain (T. 37, 75, 82, 100, 112, 121, 122, 140, 142); arthritic pain (T. 122, 142, 40); and, fatigue (T. 83). Further, the plaintiff alleges he has no money with which to pay for medications and treatment (T. 31, 42, 43, 85, 140).

The objective medical evidence contains documentation of conditions such as arthritis (T. 31, 34, 35), and DJD (T. 126), that could reasonably be expected to produce pain of the level plaintiff claims. See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

In fact, with respect to his subjective allegations and nonexertional limitations, the ALJ finds plaintiff's complaints of pain not credible, as follows:

> The undersigned concludes that the testimony of Mr. Kitchens was inconsistent with the objective medical evidence and other evidence of record. Much in his case depends on the evidentiary weight placed on his credibility because a large component of his case is his subjective interpretation of his pain and shortness of breath. His chest X-rays showed no lung pathology. If his pain were as intense as he alleged, he would have sought prescribed medication. The record indicates he used over the counter Aleve for his pain. He was medicinally noncompliant in that her used his wife's prescribed oxygen to treat his alleged breathing problems. *Smith v. Heckler, 735 F.2d 312 (8th Cir.1984)*.

Clearly, while the ALJ has cited the factors to be considered in a credibility analysis, he has not set forth inconsistencies upon which he bases his finding. Rather, the ALJ relied, almost entirely, on the lack of objective medical evidence to support his claims (T. 13-14). As has been stated, the absence of an objective medical basis which supports the subjective

AO72A
(Rev. 8/82)

complaints of pain is just **one** factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d at 948.* (emphasis supplied) Herein, it is apparent that the objective medical evidence is the only factor that was actually and adequately considered/discussed in the credibility analysis.

Further, the plaintiff claims that he is without funds or insurance to obtain medical treatment/prescription medications (T. 31, 42, 43, 85, 140). The ALJ fails to mention, let alone discuss the plaintiff's assertions as to the lack of money and insurance, in his decision. This constitutes error, particularly in light of the fact that the ALJ discounted the plaintiff's subjective complaints and nonexertional limitations. The ALJ's decisions must be remanded on this basis.

Certainly, the failure to follow a prescribed course of treatment may be excused by a plaintiff's lack of funds. *Tome v. Schweiker, 724 F.2d at 714.* Nonetheless, medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered. To a poor person, a medicine that he cannot afford to buy does not exist. *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir.1986); Benson v. Heckler, 780 F.2d 16, 18 (8th Cir.1985); Tome v. Schweiker, 724 F.2d at 714.* Upon remand, the ALJ is directed to fully assess the impact, if any, that plaintiff's lack of finances has on his ability to obtain frequent/aggressive medical treatment, and particularly, prescription medication. At the very least, the ALJ must indicate his consideration of such factor.

Because the ALJ's credibility assessment is evidentially deficient, in that a requisite issue appears not to have been considered, substantial evidence does not support the hypothetical question posed to the vocational expert. The testimony of a vocational expert in

AO72A
(Rev. 8/82)

response to a hypothetical question which does not precisely state to the expert the plaintiff's condition cannot be accepted as substantial evidence. *Douglas v. Bowen, 836 F.2d 392 (8th Cir.1987)*. Because the ALJ's credibility analysis is flawed, the undersigned cannot find that the hypothetical question posed to the VE is proper.

The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir.1991)*.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis and discussion of plaintiff's subjective complaints and nonexertional limitations, particularly in light of his asserted financial difficulties.

ENTERED this 14th day of June, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)