IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KENNETH KITCHENS                                                                                  PLAINTIFF


v.                                         CIVIL NO. 05-6041


MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                                                    DEFENDANT


**ORDER**

Before the court is counsel's second request for approval of attorney's fees in the amount of $10,865.00 pursuant to 42 U.S.C. § 406(b). (Doc. # 17). Plaintiff's counsel requests 25% of his past-due benefits based upon a contingency-fee agreement. The defendant has filed a response voicing an objection to counsel's requested fee award as it is unreasonable. (Doc. # 26).

**Procedural Background:**

Plaintiff, Kenneth Kitchens, appealed the Commissioner's denial of benefits to this court. On June 14, 2006, this court entered judgment remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. # 11). Plaintiff's counsel moved for an award of fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (Doc. # 16). Counsel's request was granted on October 10, 2006, awarding fees and costs under the EAJA in the amount of $2,368.00 for 16.00 hours of work before this court, to be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future. (Doc.

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

# 15, 16). Following remand, the ALJ issued a favorable decision on September 26, 2006, finding plaintiff entitled to benefits. (Doc. 19-2).

**Applicable Law:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). The relevant portion of that statute reads, "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." This fee is payable out of, and not in addition to, the amount of claimant's past-due benefits.

In 1980, Congress enacted the Equal Access to Justice Act, providing for fees payable by the United States. These fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d)(1)(B). Unlike fees under § 406(b), these fees are paid in addition to, and not out of, the amount withheld from claimant's past-due benefits for the payment of attorney's fees.

Recovery of an attorney's fee under both EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See* Equal Access to Justice Act, Extension and Amendment, P.L. No. 99-80, 99 Stat. 183 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D. Ohio 1985).

Furthermore, awarding fees under both Acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable Government action. *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

However, claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

**Discussion:**

Attorney fees in Social Security cases are bifurcated into two categories: time before the Agency and time before the courts. 42 U.S.C. § 406(a)-(b). Plaintiff's attorney cannot request an award of attorney fees from the court for hours spent before the Agency. *Id.* As set out in §§ 406(a) and (b), the statute deals with the administrative and judicial review stages discretely. Administrative representation is governed by § 406(a). Proceedings in court were addressed separately by Congress providing for fees when there is "a judgment favorable to a claimant." 42 U.S.C. § 406(b)(1)(A). The statute provides that the fee must be reasonable, not to, in any case, exceed twenty-five percent of the awarded past-due benefits. Similarly, plaintiff's attorney may petition the Commissioner for an award of attorney fees in connection with the attorney's services in proceedings before the Commissioner. 42 U.S.C. § 406(a)(2)(A).

The record indicates plaintiff's attorney has applied for but has not been granted an award of fees for the work performed at the administrative level. When applicable, the amount granted at the administrative level is deducted from the twenty-five percent of past-due benefits held; however, this court may only award fees for work done before it; it may not approve fees for work done before the Commissioner. *Gowen v. Bowen*, 855 F.2d 613 (8th Cir. 1988); *Fenix v. Finch*, 436 F.2d 831 (8th Cir. 1971). Having determined this court can only award fees for work performed before it, we will now consider whether the contingent fee agreement of twenty-five percent of plaintiff's past-due

benefits held, for work performed before this court, is reasonable.

Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht, et al. v. Barnhart*, 535 U.S. 789, 807 (2002). In *Gisbrecht*, the Supreme Court also recognized the primacy of lawful attorney-client fee agreements in determining reasonable attorney fees in cases where claimants prevail in federal court. The Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.,* at 808-809.

First, we must look to see whether the contingent-fee agreement is within the twenty-five percent boundary. In the present case, plaintiff entered into a contingent-fee agreement dated September 11, 2003. (Doc. # 19-2, Exhibit B). This agreement provided that in consideration of the services provided by her attorney in representing her before the Eighth Circuit Court of Appeals and/or any other federal court, plaintiff would agree to pay twenty–five percent of all past-due benefits. This court finds that the written fee agreement in this case falls within the statutory guidelines of not exceeding twenty-five percent of the past-due benefits.

Now that we have determined the contingent-fee agreement falls within the statutory boundary, this court must determine whether plaintiff's attorney's requested fee is reasonable compensation for her time spent for work before this court. "When considering a fee award, the court must balance two important policy concerns. On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases - particularly when the attorney faces a risk of nonpayment." *Wallace v. Barnhart*, 2004 WL 883447, *3 (N.D.Iowa,2004). "If remuneration is insufficient, then deserving claimants will be unable to find counsel." *Id. quoting*

*McDonald v. Apfel,* 2000 WL 744115 *1 (W.D.Mo. June 8, 2000). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award. Attorney fees awarded under § 406(b) are deducted from the claimant's disability award. The duty of attorneys to protect the interests of their clients remains throughout all of the legal proceedings and, as such, plaintiffs' attorneys are obligated to pursue fees pursuant to the EAJA or provide to the court why such fees are not being pursued. *Id.; Shephard v. Apfel,* 981 F.Supp. 1188, 1192-94 (S.D. Iowa 1997).

Prior to the decision in *Gisbrecht*, the Eighth Circuit applied the "lodestar" method to assist in determining whether the hourly rate should be enhanced based on the circumstances of the case. Since *Gisbrecht*, the courts have recognized that basing a reasonableness determination of an hourly rate is inappropriate and deferred to contingency fee contracts in § 406(b) cases, "accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F.Supp.2d 1033,1037 (N.D. Cal. 2003). *See, e.g., Hussar-Nelson v. Barnhart*, 2002 WL 31664488 (N.D. Ill. 2002) (granting fee award of $19,425.25, representing 25% of past due benefits, equivalent to approximately $393 per hour); *Coppett v. Barnhart*, 242 F.Supp.2d 1380 (S.D. Ga. 2002) (granting $6,554.12 for 18.7 hours of work, approximately $350.49 per hour). However, the court is still required to review the contingent-agreement, such as this one, "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. 789 at 807 (2002).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 3 (1983). These factors are generally accepted as being relevant to determining the reasonableness of requested fees in social security disability cases. *McDonald v. Secretary of Health and Human* Services, 884 F.2d 1468, 1473 (1st Cir. 1989). Finally, plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. 789 at 807.

In this case there is a contingent-fee agreement in which plaintiff agreed to pay her attorney twenty-five percent of her past-due benefits. The court has reviewed plaintiff's attorney's time at the judicial stage which amounts to 16.00 hours.[2]

Records indicate that plaintiff received back pay in the amount of $43,460.00. (Doc. 19-2). Of this, $10,865.00 was withheld for attorney's fees. Plaintiff's attorney now seeks a fee award of $10,865.00 for 16.00 hours of work performed before this court at a rate of $679.06 per hour. As previously noted, plaintiff contracted to pay her attorney twenty-five percent of any past due benefits owing to her. Had counsel not been successful in obtaining benefits for plaintiff, counsel would not be entitled to a fee award under the contingency nature of the agreement and, therefore, runs a substantial risk of loss. No delay resulted from plaintiff's attorney's representation. The court also acknowledges that plaintiff's attorney has a history of representing social security claimants and has a good reputation in the legal community. In addition, the benefits to plaintiff are substantial not in just past due benefits but benefits she will continue to receive in the future. Balancing the court's duty to protect the claimant's disability award against a fee that is substantial enough to encourage

---

[2]Plaintiff's attorney asserts she performed 16.00 hours of work before this court and the record reveals that she was compensated for 16.00 hours of time pursuant to the EAJA. (Doc. # 15, 19-2).

attorney's to accept Social Security cases, and considering the factors listed above, the court finds that a fee of $5,600.00 is a reasonable fee award for plaintiff's attorney's representation at the judicial stage.

**Conclusion:**

Accordingly, plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), is granted in the amount of $5,600.00. Plaintiff's attorney is directed to remit to plaintiff the smaller fee awarded to plaintiff's attorney pursuant to the EAJA in the amount of $2368.00.

IT IS SO ORDERED this 21st day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE